**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) | 07 cv 03972 |
| Plaintiff, | ) ) ) | Judge Gottschall |
| v. | ) ) ) ) | |
| TEAM 150 PARTY, INC., JOSEPH P. WARD, and MICHAEL QUIGLEY, | ) ) ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT AND JURY DEMAND**

For its Complaint against Defendants TEAM 150 PARTY, INC., JOSEPH P. WARD, and MICHAEL QUIGLEY (collectively "Defendants"), Plaintiff, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO (hereinafter, "Local 150"), alleges as follows:

**Nature of the Action**

1. This is an action to recover for the damages caused by, and prevent further damages arising from, Defendants' willful infringement of Local 150's copyright in and to three photographs and the Local 150 prototype internet website (the "Local 150 works") that was assigned to Local 150 pursuant to a written assignment of copyright which is attached hereto as Exhibit A. This action arises out of Defendants' taking, misappropriating, and copying Local 150's Works, and without permission or compensation to Local 150, and using copies of them on the www.150election.com website. Defendants' have been unjustly enriched as a result of their use of the Local 150 Works on the www.150election.com website and caused great and irreparable harm to Local 150. Local 150 seeks preliminary and permanent injunctive relief and compensatory and punitive damages based on Defendants' copyright infringement.

{1298288:}

2.     This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

## PARTIES

3.     Local 150 is a labor organization representing approximately 22,000 employees in the construction industry within the geographical boundaries of eight district offices in Indiana, Illinois, and Iowa.  Local 150's principal office is located at 6200 Joliet Road, Countryside, Cook County, Illinois.

4.     Defendant Joseph P. Ward ("Ward") is an individual that resides in Will County, Illinois.  Ward formed Team 150 Party, Inc. to challenge the current Officers of Local 150.

5.     Defendant Team 150 Party, Inc. is an Illinois corporation with its principal place of business located in Will County, Illinois ("Team 150").  Team 150 is an organization supporting Ward's challenge the current Officers of Local 150.

6.     Defendant Michael Quigley ("Quigley") is an individual that resides in St. Anne, Illinois.  Quigley was previously employed by Midwest Operating Engineers Construction Industry Research and Service Trust Fund (the "CRF"), and in that employ, he developed the Local 150 prototype internet website as a work for hire.  Thereafter, and upon information and belief, Quigley copied the Local 150 prototype internet website and provided the copy to Defendants Ward and Team 150.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8.     This Court has personal jurisdiction over the Defendants because Defendants reside in this state and the infringing conduct takes place and causes injury to Plaintiff in this district.

{1298288:}

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the claims arose within this district and Defendants Ward and Team 150 reside and are found within this district and all Defendants reside in Illinois.

**FACTUAL ALLEGATIONS**

10. Prior to April of 2006, Local 150 commissioned the CRF to expend significant time, effort and employee resources to develop its prototype internet website as a "work for hire."

11. On or about April 1, 2006, CRF gave Local 150 an assignment of all copyright rights with respect to this prototype internet website. A copy of that assignment is attached hereto as Exhibit A.

12. By virtue of the assignment alleged in paragraph 11, and the legal doctrine known as "work for hire," Local 150 is, and at all relevant times has been, the owner of all copyrights in and to the Local 150 Works.

13. On or about August 24, 2006, Defendants Ward and Team 150 established a website at www.150election.com.

14. The www.150election.com website states that Team 150 is the copyright owner of the website.

15. The www.150election.com website uses a substantial portion of the computer code of the prototype internet website owned by Local 150. Attached hereto as Exhibit B1 is a printout of the source code from the Local 150 internet website prototype and attached as Exhibit B2 are the printouts of the source code from the www.150election.com website.

16. On September 13, 2006, Local 150 formally notified Defendant Ward that he and individuals working on this behalf were infringing Local 150's rights in the Local 150 Works and demanded that Defendant Ward and individuals working on his behalf cease and desist from all further infringement. Attached hereto as Exhibit C is a copy of the cease and desist letter sent by Local 150 on September 13, 2006.

{1298288:}

17. Local 150 registered its rights in and to the Local 150 Works from the Register of Copyrights, a Certificate of Copyright Registration No. Txu 1-323-047; this registration issued on January 29, 2007. A copy of the foregoing registration certificate is attached as Exhibit D.

18. Copyright Registration Txu 1-323-047 provides that the nature of authorship includes "Computer program code (HTML) and text and photos on website." Thus, the copyright includes not only the source code but also the virtual presentation, including the text formatting and layout of the pictures, for its website.

19. As of at least February 13, 2007, the www.150election.com website was still displaying the Local 150 Works. Copies of the www.150election.com website that were printed on February 13, 2007 are attached as Exhibit E.

20. Local 150 has no adequate remedy at law.

### COUNT 1
### COPYRIGHT INFRINGEMENT
**(All Defendants)**

21. Local 150 repeats and re-alleges the allegations contained in paragraphs 1-20 of the Complaint as if fully set forth herein.

22. The actions of Defendants, as undertaken and continued to date, infringe Local 150's exclusive rights, *inter alia*, to reproduce and distribute the Local 150 Works, all in violation of Local 150's exclusive copyrights under 17 U.S.C. §§ 104(a) and 106. Such acts constitute copyright infringement under 17 U.S.C. § 501.

23. Defendants' unlawful acts set forth above constitute willful copyright infringement.

24. The actions of Defendants complained of herein have caused, are causing and, unless enjoined by the Court, will continue to cause irreparable harm, damage and injury to Local 150.

25. The actions of Defendants complained of herein have damaged, are damaging and will continue to damage Local 150 in an amount to be determined.

{1298288:}

## COUNT II
## UNJUST ENRICHMENT AND RESTITUTION
### (WARD and TEAM 150)

26.     Local 150 repeats and re-alleges the allegations contained in paragraphs 1-20 of the Complaint as if fully set forth herein.

27.     Through the improper conduct of Defendants, Defendants Ward and Team 150 obtained the benefit of the prototype website developed by Local 150 without paying Local 150.

28.     It would be unjust for Defendants Ward and Team 150 to retain those ill-gotten gains.

29.     Justice and equity entitle Local 150 to recovery and restitution for Defendants Ward's and Team 150's unjust enrichment in an amount to be proven at trial.

**WHEREFORE**, Local 150 prays that the Court:

   a.  preliminarily and permanently enjoin Ward, Quigley, Team 150 and its officers, directors, agents, servants, employees, and all those in active concert or participation with them from further violating 17 U.S.C. § 101 *et seq.* and inducing, contributing to, causing, engaging, or authorizing any individual or entity to perform any of the aforementioned acts;

   b.  direct Defendants to file with the Court and serve upon counsel for Local 150 within thirty (30) days after entry of any preliminary or permanent injunction issued by this Court, a sworn written statement setting forth in detail the manner and form in which Defendants have compiled with the injunction;

   c.  awarding damages to Local 150 against Defendants, according to proof at trial;

   d.  awarding Local 150 punitive damages in an amount to be determined at trial;

   e.  awarding Local 150 its attorneys' fees and costs pursuant to 17 U.S.C. § 505;

f. awarding Local 150 an award of unjust enrichment derived by Ward and Team 150 for use of the 150 Works; and

g. granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRAIL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Local 150 hereby demands a

trial by jury on all issues so triable.

Respectfully submitted,

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 150, AFL-CIO

By___/s/ Michael J. Femal_____
               One of their attorneys

**ATTORNEYS FOR PLAINTIFF**
MCDONALD HOPKINS LLC
RICHARD N. KESSLER, ESQ., Atty No. 06183140
MICHAEL J. FEMAL, ESQ., Atty No. 0792012
640 N. LaSalle Street, Suite 590
Chicago, Illinois 60610
(312) 280-0111

{1298288:}

## AFFIDAVIT OF SERVICE

I, Michael J. Femal, an attorney, hereby certify that on September 27, 2007, I electronically filed the foregoing Amended Complaint and Jury Demand, with the Clerk of the Court using the Electronic Case Filing System. I hereby certify that I have served the document via U.S. Mail on the following:

Annette M. McGarry
McGarry & McGarry, LLC
120 North LaSalle Street- Suite 1100
Chicago, IL 60602


/s/ Michael J. Femal

{1298288:}